IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ISANGANI ASUNCION,

               Plaintiff,

v.

CHASE BANK USA,

               Defendant.

NO. C12-2505 TEH

ORDER DENYING PLAINTIFF'S MOTION TO VACATE ENTRY OF DISMISSAL

Plaintiff Isangani Asuncion[1] filed a notice of settlement in this case on September 24, 2012. On October 22, 2012, the Court approved the parties' stipulation to dismiss this case with prejudice. On July 2, 2013, Asuncion filed a motion to vacate entry of dismissal based on his contention that Chase failed to comply with the settlement agreement. The Court has carefully considered the parties' written arguments and finds oral argument to be unnecessary. The August 26, 2013 hearing is hereby VACATED, and the Court now DENIES Asuncion's motion for the reasons set forth below.

**DISCUSSION**

The parties' settlement agreement required Defendant Chase Bank USA to pay a certain amount to Asuncion and to request removal of the disputed account, ending in 4549, from Asuncion's credit records.[2] The agreement provides that Asuncion was to give

---

[1] Some of the exhibits submitted in connection with this motion refer to "Isagani" rather than "Isangani" Asuncion. The Court uses "Isangani," the spelling used by Asuncion's counsel in the caption of all pleadings as well as in Asuncion's declaration.

[2] By its terms, the settlement agreement is confidential. However, the parties included descriptions of the agreement in their publicly filed briefs. The Court's description of the agreement throughout this order extends no further than the details already made public by the parties.

1  "prompt" written notice to Chase and Chase's counsel if he discovered that the disputed
2  account remained on his credit records after 120 days.

3  There is no dispute that Chase paid the amount in question or that Chase requested
4  removal of the wrong account, one ending in 5496, from Asuncion's records on October 3,
5  2012.  Chase has filed a declaration from a paralegal explaining that "Chase had issued more
6  than one account to Plaintiff Asuncion, and I inadvertently deleted an account ending in
7  5496, rather than the account ending 4549, as specified in the Settlement Agreement."
8  Stanton Decl. ¶ 2.  The paralegal further explained that "[t]his was simply an honest mistake
9  on my part, and it was my intent to file a Universal Data Form [used to report or update
10 account information with credit reporting agencies] that fully complied with the Settlement
11 Agreement."  *Id.*  Chase does not explain why it took no action after all three credit reporting
12 agencies notified the bank several days later that they could not locate the account ending in
13 5496 in Asuncion's file; nonetheless, there is no indication that the lack of action was the
14 result of bad faith as opposed to inadequate oversight and attention to detail.

15 Asuncion obtained his credit reports on May 2, 2013, and notified his counsel the
16 following day that the disputed account had not been removed.  He states that he did not
17 obtain his report earlier because he could not afford to pay for one and had obtained his last
18 free annual credit report on April 30, 2012.  Asuncion's counsel sent letters to Chase's
19 counsel, but not Chase, notifying them of the error on May 9, 2013, and again on May 23,
20 2013.

21 On May 31, 2013, Chase sent to the credit reporting agencies a Universal Data Form
22 requesting deletion of the account ending in 4549.[3]  Asuncion argues in his reply that Chase
23 redacted the "subscriber codes" from the May 31 form before filing it, so that it is impossible
24 to determine whether the request was accurately made.  However, Chase has now filed under

---

26 [3]Although Asuncion's counsel asserts that he attempted to resolve this dispute informally, he curiously failed to mention in his moving papers that Chase had sent a
27 corrected form on May 31 – over one month prior to the July 2 filing of Asuncion's motion. Chase's counsel sent a letter transmitting the corrected form on May 31.  Ex. A to
28 Weickhardt Decl.

2

United States District Court
For the Northern District of California

seal an unredacted copy of the May 31 form, and the subscriber codes match those included on the October 3, 2012 form. The only differences between the two forms are the signature date and account number.

In light of Chase's prompt submission of the correct form after Asuncion notified Chase of what appears to have been the result of inadvertence, as well as that Asuncion has not complained of any damages from the delayed removal of the account and has never offered to return the money he has received from Chase as part of the settlement, the Court does not find good cause to vacate entry of dismissal and re-open this case. It appears that Asuncion has now received everything that he bargained for, and there is no injustice in allowing the dismissal to stand. Accordingly, Asuncion's motion is DENIED. This case shall remain dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: 08/01/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT